IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES TOWNSEND, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:16-CV-335-WKW |
| ) | |
| DONALD VALENZA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Charles Townsend, Jr. ("Townsend"), an indigent inmate, in which he challenges the constitutionality of conditions during his incarceration at the Houston County Jail.

The defendants filed a special report and supporting evidentiary materials addressing Townsend's claims for relief. In these filings, the defendants deny they acted in violation of Townsend's constitutional rights and argue that this case is due to be dismissed because prior to filing this cause of action Townsend failed to properly exhaust an administrative remedy available to him at the Houston County Jail with respect to the claims presented in the complaint. *Defendants' Special Report - Doc. No. 21* at 2-3, 12-13. The defendants base their exhaustion defense on Townsend's failure to appeal the grievance responses regarding his placement in I-pod and his failure to file a grievance

1

regarding his sleeping on a stacked bunk. *Id*. at 3. The defendants further argue that Townsend cannot now undertake either action necessary to properly exhaust the jail's administrative remedy as the time for filing a grievance and/or appeal has expired.

Upon receipt of the defendants' special report, the court issued an order providing Townsend an opportunity to file a response to the report in which Townsend was specifically directed to address "the defendants' argument that his claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. *Order of June 14, 2016 - Doc. No. 13* at 1 (footnote omitted). The order advised Townsend that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id.* at 3. This order further cautioned Townsend that unless "<u>sufficient legal cause</u>" is shown within ten days of entry of this order "<u>why such action should not be undertaken</u>, . . . the court may at any time [after expiration of the time for his filing a response to this order] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion to dismiss, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." *Id*. 3-4. Townsend has filed no response to this order within the time prescribed by the court.

Pursuant to the June 14, 2016 order, the court deems it appropriate to treat the defendants' report as a motion to dismiss with respect to the exhaustion defense. Thus,

2

this case is now pending on the defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds,* 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk,* 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens*

3

      action under § 1997e(a) [- the equivalent to a § action for a federal inmate -] for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has therefore determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade Cnty. Corr. and Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012). Based on the foregoing, the court will "resolve this issue first." *Id.*

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner*,

4

541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury." *Id*. at 3.

Upon review of the complaint, the defendants' special report and the undisputed evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

Townsend challenges conditions to which he was subjected at the Houston County Jail. In response to the complaint, the defendants assert that this case is subject to dismissal because Townsend failed to properly exhaust the administrative remedy provided at the jail prior to filing the instant complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

5

as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion

6

requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84; *Bryant*, 530 F.3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "***The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint***." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

It is undisputed that the Houston County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Defendant's Exhibit A - Doc. No. 12-2* at 7. The grievance procedure in effect at the time of the plaintiff's incarceration allows an inmate to submit grievances to jail personnel with respect to matters/conditions occurring at the detention facility. The grievance procedure provides as follows:

> 1. If an inmate has a grievance, they may complete a grievance using the pod kiosk. Grievances are by individual inmate only. If more than one

inmate has the same grievance, each inmate must submit their own grievance. Inmates may only submit one grievance per day.

2. Complete the grievance providing as much detail as possible in the space provided for the inmate. Each grievance may only address one issue and the grievance cannot contain cuss words or any disparaging comments about any person. The grievance must be submitted within three days of the event that is the basis of the grievance. The inmate shall state in their grievance the details and the date of the event made the basis of the grievance. Grievances that do not conform to policy are returned without the grievance issue being addressed.

3. The Grievance Deputy has 15 days to investigate and answer the grievance.

4. If the inmate is not satisfied with the response to the grievance, the inmate may appeal the decision using a grievance appeal form. An appeal form may be obtained by asking sheriff's office personnel for an appeal form. The completed grievance appeal form shall be placed in the secure box. The appeal must be submitted within 3 days of the date the inmate is notified of the initial decision. The sheriff's office member hearing the appeal will have 30 days to answer the appeal.

5. If an inmate is dissatisfied with the response to an appeal, they may repeat the appeal procedure as detailed in item 4 until they reach their third, and final appeal. The Jail has a three appeal process and the response to the third appeal is the final decision.

6. If an inmate has an emergency, he or she may make an oral request to any member of the sheriff's staff. The sheriff staff member will immediately notify a supervisor who will investigate the emergency grievance. An emergency is anything that affects the immediate life, safety, or health of the inmate or the security and safety of the facility.

7. All grievances are tracked to ensure that (1) inmates grievances are answered; [and] (2) inmates have followed the rules regarding filing grievances and appeals.

*Id*.

Based on the evidence contained in the record, the court finds that Townsend failed to properly exhaust the administrative grievance procedure available at the Houston County Jail prior to filing this case. Specifically, Townsend did not file a grievance regarding his use of a stacked bunk nor did he appeal the response to his grievance challenging his placement in I-pod. It is likewise undisputed that when the court received the complaint, the facility's administrative remedy was no longer available to Townsend because the time limits applicable to both filing a grievance regarding his placement on a stacked bunk and appealing the response to the grievance addressing his confinement in I-pod had expired. Townsend does not dispute his failure to exhaust the administrative remedy provided to him by the defendants while such remedy was available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him at the Houston County Jail prior to initiating this cause of action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Houston County Jail.

3.  No costs be taxed herein.

It is further

ORDERED that on or before July 21, 2016 the parties may file objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v.*

*City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 7th day of July, 2016.

                                      /s/ Wallace Capel, Jr.
                              UNITED STATES MAGISTRATE JUDGE